# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>THE CELLULAR TELEPHONE<br>ASSIGNED CALL NUMBER 323-493-4192 | ) ) ) ) ) ) ) Case No. 1:25-mj-**82**<br><br>FILED UNDER SEAL |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, attached and incorporated herein.

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☐ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 875(c) | Interstate threat to injure the person of another |

The application is based on these facts:
See affidavit in support of search warrant. To ensure technical compliance with 18 U.S.C. §§ 3121-3127, the warrant will also function as a pen register order. I thus certify that the information likely to be obtained is relevant to an ongoing criminal investigation conducted by FBI. See 18 U.S.C. §§ 3122(b), 3123(b).

- ☑ Continued on the attached sheet.
- ☑ Delayed notice of __90__ days (give exact ending date if more than 30 days: __06/09/2025__) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Joseph G. DeGaetano, Assistant U.S. Attorney
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __April 10, 2025__

*Judge's signature*

City and state: Chattanooga, Tennessee

Hon. Christopher H. Steger, U.S. Magistrate Judge
*Printed name and title*

# ATTACHMENT A

## Property to Be Searched

1. The cellular telephone assigned call number 323-493-4192, with listed subscriber Mac McClain (the "Target Cell Phone"), whose wireless service provider is Cellco Partnership d/b/a Verizon Wireless ("Verizon"), a wireless telephone service provider headquartered at 180 Washington Valley Road, Bedminster, NJ 07921.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of Verizon including information about the location of the cellular telephone if it is subsequently assigned a different call number.

# ATTACHMENT B

## Particular Things to be Seized

### I. Information to be Disclosed by the Provider

All information about the location of the Target Cell Phone described in Attachment A for the period **March 2, 2025, through May 10, 2025**, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, Periodic Location Updates, per-call measurement data, Real-Time Tool data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Verizon, Verizon is required to disclose the Location Information to the government. In addition, Verizon must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Verizon's services, including by initiating a signal to determine the location of the Target Cell Phone on Verizon's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Verizon for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that will assist in arresting Mac David McClain, who was charged on April 10, 2025, with violating 18 U.S.C. § 875(c), is the subject of an arrest warrant issued on that date, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider to locate the things particularly described in this Warrant.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 323-493-4192 | Case No. 1:25-mj-82<br><br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Terri Lynn M. James, Special Agent with the Federal Bureau of Investigation (FBI) assigned to the Nashville Division, Chattanooga Resident Agency (Chattanooga RA), being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number Terri Lynn M. James, with listed subscriber Mac McClain (the "Target Cell Phone"), whose service provider is Cellco Partnership d/b/a Verizon Wireless ("Verizon"), a wireless telephone service provider headquartered at 180 Washington Valley Road, Bedminster, NJ 07921. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-

3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since 2007. I am currently assigned to the FBI's Chattanooga RA. In this capacity, I am charged with investigating possible violations of federal criminal law. By virtue of my FBI employment, I perform and have performed a variety of investigative tasks, including functioning as a case agent on criminal cases. At the start of my employment, I received training on how to conduct criminal investigations at the FBI Academy in Quantico, Virginia. I have also received training and gained experience in interviewing and interrogation techniques, the execution of federal search warrants, seizures, and the identification and collection of evidence. During my time in law enforcement, I have gained training and field experience in a variety of investigative and legal matters, including violations of federal law associated with threats and violent crimes, to include matters involving direct assaults against federal officials, and I have worked alongside partners with experience in violations involving intimidation of a federal official by threats of death. I am a law enforcement officer who is engaged in enforcing the criminal laws, and I am authorized by the Attorney General to carry a firearm, execute warrants, make arrests for offenses against the United States, and to perform other duties authorized by law.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

2

5.     On April 10, 2025, this Court found there is probable cause to believe that Mac David McClain ("McClain") has violated 18 U.S.C. § Section 875(c) (interstate threat to injure the person of another) (the "Subject Offense"). McClain was charged by criminal complaint with committing the Subject Offense, and he is the subject of this Court's arrest warrant issued on April 10, 2025. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting McClain, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6.     The Court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## **PROBABLE CAUSE**

7.     On April 10, 2025, this Court issued an arrest warrant for McClain based on a finding of probable cause to believe he committed the Subject Offense. As detailed in the Affidavit in Support of a Criminal Complaint on which the arrest warrant was based (the "Complaint Affidavit"), McClain committed the Subject Offense using the Target Cell Phone to leave a threatening voicemail message at the FBI Chattanooga RA.

8.     As set forth in the Complaint Affidavit, McClain recently has expressed extremely negative views of FBI agents and others and a desire to murder them and their family members in graphic and gruesome fashion.

9.     Law enforcement agents seeking to execute the outstanding warrant for McClain's arrest therefore want to gather data about his past, present, and future locations and

3

movements to develop information about his pattern of life to aid them in executing the warrant while minimizing the risk of armed or otherwise violent conflict.

10. In my training and experience, I have learned that Verizon is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

11. Based on my training and experience, I know that Verizon can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of

4

the communication. I also know that wireless providers such as Verizon typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

12. Based on my training and experience, I know that Verizon also can collect per-call measurement data, which Verizon also refers to as the "real-time tool" ("RTT"). RTT data estimates the approximate distance of the cellular device from a cellular tower based upon the speed with which signals travel between the device and the tower. This information can be used to estimate an approximate location range that is more precise than typical cell-site data.

## AUTHORIZATION REQUEST

13. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

14. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as

defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

15. I further request that the Court direct Verizon to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Verizon. I also request that the Court direct Verizon to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Verizon's services, including by initiating a signal to determine the location of the Target Cell Phone on Verizon's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Verizon for reasonable expenses incurred in furnishing such facilities or assistance.

16. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

## REQUEST FOR SEALING

17. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor fully known to the target of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
Terri Lynn M. James
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on April 10, 2025

_____
Honorable Christopher H. Steger
UNITED STATES MAGISTRATE JUDGE

7

# ATTACHMENT A

## Property to Be Searched

1. The cellular telephone assigned call number 323-493-4192, with listed subscriber Mac McClain (the "Target Cell Phone"), whose wireless service provider is Cellco Partnership d/b/a Verizon Wireless ("Verizon"), a wireless telephone service provider headquartered at 180 Washington Valley Road, Bedminster, NJ 07921.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of Verizon including information about the location of the cellular telephone if it is subsequently assigned a different call number.

2

# ATTACHMENT B

## Particular Things to be Seized

### I. Information to be Disclosed by the Provider

All information about the location of the Target Cell Phone described in Attachment A for the period **March 2, 2025, through May 10, 2025**, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, Periodic Location Updates, per-call measurement data, Real-Time Tool data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Verizon, Verizon is required to disclose the Location Information to the government. In addition, Verizon must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Verizon's services, including by initiating a signal to determine the location of the Target Cell Phone on Verizon's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Verizon for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that will assist in arresting Mac David McClain, who was charged on April 10, 2025, with violating 18 U.S.C. § 875(c), is the subject of an arrest warrant issued on that date, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider to locate the things particularly described in this Warrant.

2